| | |
|---|---|
| MARY GIDARO, individually and on behalf of all others similarly situated, | : |
| | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| MERRILL LYNCH & CO., INC.; STAN O'NEAL; LOU DIMARIA; INVESTMENT COMMITTEE OF THE MERRILL LYNCH SAVINGS AND INVESTMENT PLAN; ADMINISTRATIVE COMMITTEE OF THE MERRILL LYNCH SAVINGS AND INVESTMENT PLAN; and JOHN DOES 1-30, | : Case No. 07-CV-10273 (LBS) |
| | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| Defendants. | : |
| | : |

[*additional captions follow*]


# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF MARY GIDARO'S MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM COUNSEL FOR THE CLASS

Ralph M. Stone
Thomas G. Ciarlone, Jr.
Amanda C. Scuder
SHALOV STONE BONNER & ROCCO LLP
485 Seventh Avenue, Suite 1000
New York, New York 10018
(212) 239-4340


*Attorneys for the Plaintiff*
*and Proposed Interim Counsel for the Class*

ELIZABETH ESTEY, individually and on
behalf of all others similarly situated,        :

                    Plaintiff,                  :

            v.                                  :

MERRILL LYNCH & CO., INC.; MERRILL              : Case No. 07-CV-10268 (DC)
LYNCH & CO., INC. PLAN "INVESTMENT              :
COMMITTEE," MERRILL LYNCH & CO.,                :
INC. PLAN ADMINISTRATIVE                        :
COMMITTEE, MERRILL LYNCH & CO.,                 :
INC. MANAGEMENT DEVELOPMENT                     :
AND COMPENSATION COMMITTEE,                     :
LOUIS DIMARIA, E. STANLEY O'NEAL,               :
ALBERTO CRIBIORE, ARMANDO M.                    :
CODINA, VIRGIS W. COLBERT, JOHN D.              :
FINNEGAN, AULANA L. PETERS and                  :
JOHN DOES 1-10,                                 :

                    Defendants.                 :

_____

TARA MOORE, individually and on behalf of    :
all others similarly situated,    :
    :
             Plaintiff,    :
    :
       v.    :
    :
MERRILL LYNCH & CO., INC.; MERRILL    :   Case No. 07-CV-10398 (DC)
LYNCH & CO., INC. PLAN "INVESTMENT    :
COMMITTEE," MERRILL LYNCH & CO.,    :
INC. PLAN ADMINISTRATIVE    :
COMMITTEE, MERRILL LYNCH & CO.,    :
INC. MANAGEMENT DEVELOPMENT    :
AND COMPENSATION COMMITTEE,    :
LOUIS DIMARIA, E. STANLEY O'NEAL,    :
ALBERTO CRIBIORE, ARMANDO M.    :
CODINA, VIRGIS W. COLBERT, JOHN D.    :
FINNEGAN, AULANA L. PETERS and    :
JOHN DOES 1-10,    :
    :
             Defendants.    :
_____ :

GREGORY YASHGUR, individually and on
behalf of all others similarly situated,

              Plaintiff,

    v.

MERRILL LYNCH & CO., INC.;
ADMINISTRATIVE COMMITTEE OF THE
MERRILL LYNCH CO., INC. 401K
SAVINGS AND INVESTMENT PLAN,
JOHN D. FINNEGAN, JUDITH JONAS
MAYHEW, AULANA L. PETERS, JOSEPH
W. PRUEHER, ANN N. REESE, CHARLES
O. ROSSITTI, LOUIS DIMARIA, STAN
O'NEAL, ALBERTO CRIBRIORE, CAROL
T. CHRIST, ARMANDO M. CODINA,
VIRGIS W. COLBERT, and JOHN DOES,

              Defendants.

Case No. 07-CV-10569

CHRISTINE DONLON, individually and on
behalf of all others similarly situated,

     Plaintiff,

  v.

MERRILL LYNCH & CO., INC.; E.
STANLEY O'NEAL, CAROL T. CHRIST,
ARMANDO M. CODINA, VIRGIS W.
COLBERT, JILL K. CONWAY, ALBERTO
CRIBIORE, LOUIS DIMARIA, JOHN D.
FINNEGAN, JUDITH MAYHEW JONAS,
AULANA L. PETERS, JOSEPH W.
PRUEHER, ANN N. REESE, CHARLES O.
ROSSOTTI, JOHN DOES 1-20 (BEING
CURRENT AND FORMER MEMBERS OF
THE BENEFITS ADMINISTRATION
COMMITTEE OF THE MERRILL LYNCH
& CO, INC. EMPLOYEE STOCK
OWNERSHIP PLAN) and JOHN DOES 21-
40 (BEING CURRENT AND FORMER
MEMBERS OF THE INVESTMENT
COMMITTEE OF THE MERRILL LYNCH
& CO., INC EMPLOYEE STOCK
OWNERSHIP PLAN),

     Defendants.

Case No. 07-CV-10661

CARL ESPOSITO, individually and on behalf   :
of all others similarly situated,   :
  :
               Plaintiff,   :
  :
      v.   :
  :
MERRILL LYNCH & CO., INC.; E.   :   Case No. 07-CV-10687 (JGK)
STANLEY O'NEAL, CAROL T. CHRIST,   :
ARMANDO M. CODINA, VIRGIS W.   :
COLBERT, JILL K. CONWAY, ALBERTO   :
CRIBIORE, JOHN D. FINNEGAN, JUDITH   :
MAYHEW JONAS, DAVID K.   :
NEWBIGGING, AULANA L. PETERS,   :
JOSEPH W. PRUEHER, ANN N. REESE,   :
CHARLES O. ROSSOTTI, LOUIS   :
DIMARIA, PETER STINGI and JOHN AND   :
JANE DOES 1-20,   :
  :
               Defendants.   :
  :

SEAN SHAUGHNESSEY, individually and          :
on behalf of all others similarly situated,          :
                                                     :
                    Plaintiff,                       :
                                                     :
         v.                                          :
                                                     :
MERRILL LYNCH & CO., INC., MERRILL           : Case No. 07-CV-10710
LYNCH & CO., INC. INVESTMENT                 :
COMMITTEE, MANAGEMENT                        :
DEVELOPMENT AND COMPENSATION                 :
COMMITTEE OF THE MERRILL LYNCH              :
& CO., INC. BOARD OF DIRECTORS, THE         :
MERRILL LYNCH TRUST COMPANY,                 :
FSB, ADMINISTRATIVE COMMITTEE OF             :
THE MERRILL LYNCH & CO., INC. 401K          :
SAVINGS AND INVESTMENT PLAN,                 :
LOUIS DIMARIA, ARMANDO M.                    :
CODINA, VIRGIS W. COLBERT,                   :
ALBERTO CRIBIORE, JOHN D.                    :
FINNEGAN, AULANA L. PETERS, and              :
JOHN DOES 1-40,                              :
                                             :
                    Defendants.              :
                                             :

BARBARA BOLAND, individually and on
behalf of all others similarly situated,

               Plaintiff,

     v.

MERRILL LYNCH & CO., INC.; E.
STANLEY O'NEAL, CAROL T. CHRIST,
ARMANDO M. CODINA, VIRGIS W.
COLBERT, JILL K. CONWAY, ALBERTO
CRIBIORE, JOHN D. FINNEGAN, JUDITH
MAYHEW JONAS, DAVID K.
NEWBIGGING, AULANA L. PETERS,
JOSEPH W. PRUEHER, ANN N. REESE,
CHARLES O. ROSSOTTI, and JOHN AND
JANE DOES 1-20,

               Defendants.

: Case No. 07-CV-11054 (MGC)

Plaintiff Mary Gidaro ("Plaintiff") respectfully submits this memorandum of law in support of her motion for consolidation and appointment of interim counsel for the class.

## **INTRODUCTION**

In recent months, Defendant Merrill Lynch & Co. ("Merrill Lynch" or the "Company") revealed that its exposure to subprime loans, and its actual losses already incurred and associated with those loans, was far greater than previously disclosed. Merrill Lynch's manipulation of its financial reporting, allegations of other misconduct by Merrill Lynch consisting of efforts to conceal its losses, and potential accounting irregularities are being investigated by the Securities and Exchange Commission. The price of Merrill Lynch common stock has declined precipitously upon disclosure of these matters.

-1-

Merrill Lynch common stock was a substantial component of the Company's retirement plans--the Merrill Lynch & Co., Inc. 401(k) Saving and Investment Plan; the Retirement Accumulation Plan; and the Employee Stock Ownership Plan (collectively, the "Plan"). Pursuant to §§ 502(a)(2) and (3) of the Employee Retirement Income Security Act ("ERISA"), Plaintiff, a participant in the Plan, brought suit against Merrill Lynch and others for Plan-wide relief on behalf of the Plan and all participants in the Plan for whose individual accounts the Plan held an interest in the common stock of Merrill Lynch, between January 18, 2007, and November 7, 2007. At least seven similar actions seeking substantially the same relief under ERISA have been filed in this District. The gravamen of the complaints in these cases is, *inter alia*, the allegation that defendants, all fiduciaries of the Plan, breached their duties under ERISA by investing (and maintaining and allowing investments) in Merrill Lynch common stock despite the fact that those investments were imprudent.

Plaintiff filed her complaint on November 13, 2007, the same day on which Elizabeth Estey filed an ERISA complaint in this District against Merrill Lynch and other defendants. Subsequently, between November 16, 2007, and December 6, 2007, at least six additional ERISA cases were brought against Merrill Lynch, each repeating the allegations made by Plaintiff in her earlier complaint. The claims in each of these ERISA actions are typical of the claims asserted in the other ERISA actions, with each asserting injuries and damages resulting from the defendants' breaches of their fiduciary duties to the Plan, the plaintiffs, and the other members of the class. The plaintiffs in the ERISA actions filed to date seek relief under §§ 409 and 502 of ERISA, on behalf of the Plan and all participants in or beneficiaries of the Plan who sustained losses in their retirement accounts arising from the defendants' imprudent investments

in Merrill Lynch common stock. Consequently, consolidating these actions, in addition to all

other ERISA actions subsequently filed in or removed to this Court, is appropriate under Rule

42(a) of the Federal Rules of Civil Procedure.

Plaintiff also seeks the appointment of her counsel, Shalov Stone Bonner & Rocco LLP

("SSB&R"), as interim counsel for the class. SSB&R specializes in complex commercial class

action litigation, representing shareholders and consumers in state and federal courts throughout

the United States. The firm's expertise and resources have allowed SSB&R to obtain substantial

recoveries for defrauded stockholders and aggrieved consumers, in addition to substantial

recoveries on behalf of imprudently managed 401(k) plans and their harmed employee

participants, a fact that has been recognized by many courts. Judge Cote, for example,

acknowledged the firm's efforts in *Varljen v. H.J. Meyers & Co., Inc.*, No. 97 Civ. 6742

(S.D.N.Y.), commenting:

> I felt at every step of the case that you were extraordinarily competent,
> diligent, responsible, helpful to this court and appropriate in your conduct
> of this case, and I think the class was well served by your representation of
> them, very well served.[1]

For all the foregoing reasons, as set forth more fully below, Plaintiff respectfully requests

that the Court grant her motion for consolidation and appointment of interim counsel for the

class.

---

[1]     Transcript of hearing in *Varljen v. H.J. Meyers & Co., Inc.*, No. 97 Civ. 6742
(S.D.N.Y.) (Oct. 27, 2000), at 30.

## ARGUMENT

In accordance with the *Manual for Complex Litigation* (4th ed. 2004) (the "*Manual*"), Plaintiff has concurrently submitted a proposed order that: provides for the consolidation of the ERISA cases; establishes orderly filing and docketing procedures; and appoints interim counsel for the class.[2]  As explained below, the proposed order will promote the efficient conduct of this litigation and is consistent with the mandates of the *Manual* and Rule 23(g) of the Federal Rules of Civil Procedure.

### I.    The ERISA Cases Should Be Consolidated.

Consolidation of the related ERISA actions is appropriate and necessary for their efficient and just adjudication.  This approach takes cognizance of the actions already pending, as well as similar actions that could be filed in the future.  It also preserves judicial resources by placing essentially identical claims--brought on behalf of the same Plan, against the same defendants--in front of one judge.

According to the Federal Rules of Civil Procedure, "when actions involving a common question of law or fact are pending before the Court it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays." Fed. R. Civ. P. 42(a).  Consolidation of the above-captioned actions is demonstrably appropriate.  Each action involves common questions of law and fact, including allegations that the Plan's fiduciaries breached their duties to the plaintiffs and other participants in the Plan. Consolidating these cases will expedite pretrial proceedings and reduce duplicative efforts.

---

[2]        The proposed order is attached as Exhibit 1.

Consolidation will also reduce the burdens on this Court; streamline motion practice and the discovery process; and eliminate the waste, confusion, and delay and the inconsistent rulings and judgments that often accompany related actions when they are prosecuted separately.

In addition to providing for consolidation, Plaintiff's proposed order establishes procedures for the captioning, filing, and docketing of papers in these related actions, and in any cases that are later filed in or transferred to this Court. These procedures include the use of a uniform caption when filing documents relating to any of the consolidated actions. Such procedures, designed to enhance efficiency, are particularly necessary and appropriate in complex class action litigation such as this. *See, e.g., Manual* § 21.11.

## II.    SSB&R Should Be Appointed Interim Counsel For The Class.

Plaintiff proposes SSB&R as interim counsel for the class. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court should consider the following factors when ruling on a motion for appointment of interim class counsel:

- the work counsel has done in identifying or investigating potential claims in the action;

- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;

- counsel's knowledge of the applicable law; and

- the resources counsel will commit to representing the class.

An examination of these factors shows that SSB&R would capably represent the interests of the Plan and the members of the proposed class.

**A.    The Work Counsel Has Done In Identifying And Investigating Potential Claims Militates In Favor of Appointing SSB&R Interim Class Counsel.**

As discussed above, SSB&R has worked to represent Plaintiff and the class of Plan participants from the first day of this litigation. Before filing suit on behalf of Plaintiff, counsel investigated potential claims by, among other things: examining numerous documents, including materials related to the Plan, as well as Plan and Company regulatory filings with the Securities and Exchange Commission and other agencies; reviewing materials provided by Plaintiff herself; consulting with Plaintiff about the proposed ERISA claims; reviewing media and industry reports about Merrill Lynch; and analyzing related litigation.

SSB&R continues to monitor all publicly available regulatory and related litigation information and has been unquestionably active in prosecuting the ERISA claims and in keeping class members informed about the status and progress of the litigation. For example, counsel recently acquired the URL www.mlerisa.com, where counsel anticipates launching a website to make information about the case readily available to class members located throughout the country.

**B.    SSB&R's Knowledge Of The Applicable Law And Experience In Handling Class Actions And Other Complex Litigation Also Militates In Favor Of Its Appointment As Interim Class Counsel.**

Aside from its considerable work in this case, as outlined above, SSB&R is well-positioned to manage this litigation and to bring to it a range of experience and resources. The firm is a recognized leader in class action and complex litigation and has achieved many outstanding results for plaintiff classes, including in this District. Judge Baer, for example, has publicly commented that he considers the firm's work to be of high quality and, in the *Dreyfus*

*Aggressive Growth Mutual Fund Litigation*, found that, "certainly, the class was ably represented and the ensuing settlement is commendable."[3]  Likewise, in approving the settlement of the *Cyberguard Securities Litigation*, Magistrate Judge Andrea M. Simonton in the Southern District of Florida spoke highly of the firm:

> I think that the result was an outstanding result. ... [Q]uite frankly, I think that if you didn't have that caliber of counsel on the plaintiffs' side, there is no way that these shareholders would be looking at the recovery that they are and, in my experience, it is a substantial recovery.[4]

In addition to ERISA breach of fiduciary actions, the firm focuses primarily on the prosecution of securities fraud litigation brought against public companies, executives, auditors, and investment banking firms.  During the firm's successful history, SSB&R has recovered hundreds of millions of dollars for class members.  *See, e.g., In re Lernout & Hauspie Speech Products NV Securities Litigation* (D. Mass.) (settlements totaling over $180 million); *In re Winstar Communications Securities Litigation* (S.D.N.Y.) (settlements totaling over $30 million).  SSB&R's qualifications are set forth more fully in its firm resume,[5] which amply demonstrates that SSB&R has the capabilities, experience, and proven track record of success to merit its appointment as interim counsel for the class.

---

[3]     Order, *In re Dreyfus Aggressive Growth Mutual Fund Litigation*, No. 98 Civ. 4318, 2001 U.S. Dist. LEXIS 8418 (S.D.N.Y. June 22, 2001).

[4]     Transcript of hearing in *Cheney v. Cyberguard Corp.*, Case No. 98-6879 CIV-Gold (April 16, 2004), at 47.

[5]     Attached as Exhibit 2.

C.    **The Vast Resources Counsel Will Commit To Representing The Class Are More Than Adequate.**

SSB&R is well-equipped to litigate a case of this magnitude.  Historically, the firm has

successfully prosecuted major class actions that required it to litigate against large teams of

lawyers from some of the finest law firms in the country; to review tens of millions of documents

and take dozens of depositions; and to invest millions of dollars of its own money in litigation

costs and expenses.  SSB&R is fully prepared to commit whatever resources are necessary to

ensure that these cases are prosecuted effectively.  If the Court requires further information

regarding the financial ability of the firm to support this litigation, counsel would be pleased to

provide additional information regarding its resources.

III.   **The Proposed Order Correctly Describes The Responsibilities Of Interim Class Counsel.**

To facilitate the efficient prosecution of this litigation, the responsibilities of interim class

counsel should be clearly defined by the Court at this stage of the litigation.  Such a delineation

of duties is contemplated by the *Manual* and is appropriate in a case of this magnitude.

As suggested by the *Manual*, interim counsel will be charged with responsibility for the

day-to-day conduct of the litigation and for carrying out the orders of the Court.  Indeed, counsel

is:

> charged with major responsibility for formulating ... and presenting positions
> on substantive and procedural issues during litigation, ...[for] presenting
> written and oral arguments and suggestions to the court, working with opposing
> counsel in developing and implementing a litigation plan, initiating and
> organizing discovery requests and responses, conducting the principal
> examination of deponents, employing experts, arranging for support services,
> and seeing that schedules are met.

*Manual* at § 20.221.  Lead Counsel is also charged with responsibility for monitoring the time

-8-

and expenses of all plaintiffs' counsel to ensure that the litigation is conducted efficiently and without duplication of work.

Accordingly, Plaintiff respectfully submits that the Court should delineate the duties of interim class counsel, as set forth in detail in the accompanying proposed order.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant her motion for consolidation and appointment of interim counsel for the class.

DATED:        December 12, 2007            Respectfully submitted,

SHALOV STONE BONNER & ROCCO LLP

By: /s/ Ralph M. Stone
      Ralph M. Stone (rstone@lawssb.com)
      Thomas G. Ciarlone (tciarlone@lawssb.com)
      Amanda C. Scuder (ascuder@lawssb.com)

485 Seventh Avenue, Suite 1000
New York, NY 10018
Telephone: (212) 239-4340
Facsimile: (212) 239-4310

*Attorneys for the Plaintiff and Proposed Interim Counsel for the Class*

Ronen Sarraf (ronen@sarrafgentile.com)
SARRAF GENTILE LLP
11 Hanover Square
New York, NY 10005
Telephone: (212) 868-3610
Facsimile: (212) 918-7967

*Attorneys for the Plaintiff*

# EXHIBIT 1

---

MARY GIDARO, individually and on behalf
of all others similarly situated,

                 Plaintiff,

     v.

MERRILL LYNCH & CO., INC.; STAN
O'NEAL; LOU DIMARIA; INVESTMENT
COMMITTEE OF THE MERRILL LYNCH
SAVINGS AND INVESTMENT PLAN;
ADMINISTRATIVE COMMITTEE OF THE
MERRILL LYNCH SAVINGS AND
INVESTMENT PLAN; and JOHN DOES 1-
30,

                 Defendants.

:
:
:
:
:
:
:
:
:   Case No. 07-CV-10273 (LBS)
:
:
:
:
:
:
:
:
:
:

---

[*additional captions follow*]

**[PROPOSED] ORDER CONSOLIDATING CASES
AND APPOINTING INTERIM COUNSEL FOR THE CLASS**

ELIZABETH ESTEY, individually and on
behalf of all others similarly situated,

             Plaintiff,

     v.

MERRILL LYNCH & CO., INC.; MERRILL
LYNCH & CO., INC. PLAN "INVESTMENT
COMMITTEE," MERRILL LYNCH & CO.,
INC. PLAN ADMINISTRATIVE
COMMITTEE, MERRILL LYNCH & CO.,
INC. MANAGEMENT DEVELOPMENT
AND COMPENSATION COMMITTEE,
LOUIS DIMARIA, E. STANLEY O'NEAL,
ALBERTO CRIBIORE, ARMANDO M.
CODINA, VIRGIS W. COLBERT, JOHN D.
FINNEGAN, AULANA L. PETERS and
JOHN DOES 1-10,

             Defendants.

Case No. 07-CV-10268 (DC)

TARA MOORE, individually and on behalf of     :
all others similarly situated,                 :
                                               :
          Plaintiff,     :
                                               :
    v.                     :
                                               :
MERRILL LYNCH & CO., INC.; MERRILL             :   Case No. 07-CV-10398 (DC)
LYNCH & CO., INC. PLAN "INVESTMENT             :
COMMITTEE," MERRILL LYNCH & CO.,               :
INC. PLAN ADMINISTRATIVE                       :
COMMITTEE, MERRILL LYNCH & CO.,                :
INC. MANAGEMENT DEVELOPMENT                    :
AND COMPENSATION COMMITTEE,                    :
LOUIS DIMARIA, E. STANLEY O'NEAL,              :
ALBERTO CRIBIORE, ARMANDO M.                   :
CODINA, VIRGIS W. COLBERT, JOHN D.             :
FINNEGAN, AULANA L. PETERS and                 :
JOHN DOES 1-10,                                :
                                               :
          Defendants.    :
                                               :

GREGORY YASHGUR, individually and on behalf of all others similarly situated,    :
                                          :

               Plaintiff,    :

        v.    :

MERRILL LYNCH & CO., INC.;    : Case No. 07-CV-10569
ADMINISTRATIVE COMMITTEE OF THE    :
MERRILL LYNCH CO., INC. 401K    :
SAVINGS AND INVESTMENT PLAN,    :
JOHN D. FINNEGAN, JUDITH JONAS    :
MAYHEW, AULANA L. PETERS, JOSEPH    :
W. PRUEHER, ANN N. REESE, CHARLES    :
O. ROSSITTI, LOUIS DIMARIA, STAN    :
O'NEAL, ALBERTO CRIBRIORE, CAROL    :
T. CHRIST, ARMANDO M. CODINA,    :
VIRGIS W. COLBERT, and JOHN DOES,    :

             Defendants.    :
                                        :

CHRISTINE DONLON, individually and on behalf of all others similarly situated,

               Plaintiff,

      v.

MERRILL LYNCH & CO., INC.; E. STANLEY O'NEAL, CAROL T. CHRIST, ARMANDO M. CODINA, VIRGIS W. COLBERT, JILL K. CONWAY, ALBERTO CRIBIORE, LOUIS DIMARIA, JOHN D. FINNEGAN, JUDITH MAYHEW JONAS, AULANA L. PETERS, JOSEPH W. PRUEHER, ANN N. REESE, CHARLES O. ROSSOTTI, JOHN DOES 1-20 (BEING CURRENT AND FORMER MEMBERS OF THE BENEFITS ADMINISTRATION COMMITTEE OF THE MERRILL LYNCH & CO, INC. EMPLOYEE STOCK OWNERSHIP PLAN) and JOHN DOES 21-40 (BEING CURRENT AND FORMER MEMBERS OF THE INVESTMENT COMMITTEE OF THE MERRILL LYNCH & CO., INC EMPLOYEE STOCK OWNERSHIP PLAN),

               Defendants.

:    Case No. 07-CV-10661

CARL ESPOSITO, individually and on behalf  :
of all others similarly situated,  :
  :
        Plaintiff,  :
  :
    v.  :
  :
MERRILL LYNCH & CO., INC.; E.  : Case No. 07-CV-10687 (JGK)
STANLEY O'NEAL, CAROL T. CHRIST,  :
ARMANDO M. CODINA, VIRGIS W.  :
COLBERT, JILL K. CONWAY, ALBERTO  :
CRIBIORE, JOHN D. FINNEGAN, JUDITH  :
MAYHEW JONAS, DAVID K.  :
NEWBIGGING, AULANA L. PETERS,  :
JOSEPH W. PRUEHER, ANN N. REESE,  :
CHARLES O. ROSSOTTI, LOUIS  :
DIMARIA, PETER STINGI and JOHN AND  :
JANE DOES 1-20,  :
  :
        Defendants.  :
  :

SEAN SHAUGHNESSEY, individually and                   :
on behalf of all others similarly situated,           :
                                                      :
                  Plaintiff,                          :
                                                      :
         v.                                           :
                                                      :
MERRILL LYNCH & CO., INC., MERRILL    : Case No. 07-CV-10710
LYNCH & CO., INC. INVESTMENT                          :
COMMITTEE, MANAGEMENT                                 :
DEVELOPMENT AND COMPENSATION                          :
COMMITTEE OF THE MERRILL LYNCH                        :
& CO., INC. BOARD OF DIRECTORS, THE                   :
MERRILL LYNCH TRUST COMPANY,                          :
FSB, ADMINISTRATIVE COMMITTEE OF                      :
THE MERRILL LYNCH & CO., INC. 401K                    :
SAVINGS AND INVESTMENT PLAN,                          :
LOUIS DIMARIA, ARMANDO M.                             :
CODINA, VIRGIS W. COLBERT,                            :
ALBERTO CRIBIORE, JOHN D.                             :
FINNEGAN, AULANA L. PETERS, and                       :
JOHN DOES 1-40,                                       :
                                                      :
                  Defendants.                         :
                                                      :

BARBARA BOLAND, individually and on    :
behalf of all others similarly situated,    :
    :
             Plaintiff,    :
    :
      v.    :
    :
MERRILL LYNCH & CO., INC.; E.    :  Case No. 07-CV-11054 (MGC)
STANLEY O'NEAL, CAROL T. CHRIST,    :
ARMANDO M. CODINA, VIRGIS W.    :
COLBERT, JILL K. CONWAY, ALBERTO    :
CRIBIORE, JOHN D. FINNEGAN, JUDITH    :
MAYHEW JONAS, DAVID K.    :
NEWBIGGING, AULANA L. PETERS,    :
JOSEPH W. PRUEHER, ANN N. REESE,    :
CHARLES O. ROSSOTTI, and JOHN AND    :
JANE DOES 1-20,    :
    :
           Defendants.    :
    :

WHEREAS, there are currently pending eight related putative class actions (captioned above) for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), and

WHEREAS, entry of this Order will promote judicial economy, avoid duplicative law and motion and discovery proceedings, and streamline adjudication of related matters,

IT IS HEREBY ORDERED THAT:

1.    This action shall hereby be identified as: *In re Merrill Lynch ERISA Litigation,* Master File No. 07 CV 10268.

2.    Any other ERISA actions now pending or hereafter filed in, or transferred or removed to, this District which arise out of the same facts and claims as alleged in this action shall be consolidated for all purposes if, as, and when the Court is apprised of them. The parties shall notify the Court of any other action which is pending or filed outside of this District which

-1-

may be related to the subject matter of this action if and when they become aware of such

actions.

3.    Every pleading in *In re Merrill Lynch ERISA Litigation,* Master File No. 07 CV

10268, shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re MERRILL LYNCH** | ) |
| **ERISA LITIGATION** | ) **Master File No.: 07 CV 10268** |
| | ) |
| | ) |
| **This Document Relates To:** | ) |
| | ) |

4.    When a pleading is intended to be applicable to all actions to which this Order is

applicable, the words "All Actions" shall appear immediately after the words "This Documents

Relates to:" in the caption set out above.  When a pleading is intended to be applicable only to

some, but not all, of such actions, this Court's docket number for each individual action to which

the paper is intended to be applicable and the last name of the first-named plaintiff in said action

shall appear immediately after the words "This Document Relates to:" in the caption described

above.

5.    Interim counsel for the class is:

SHALOV STONE BONNER & ROCCO LLP
Ralph M. Stone
Thomas G. Ciarlone, Jr.
Amanda C. Scuder
485 Seventh Avenue, Suite 1000
New York, NY 10018
Telephone: (212) 239-4340
Facsimile: (212) 239-4310

-2-

6.      Interim class counsel shall have the authority to speak for all plaintiffs in matters regarding pretrial procedure, trial, and settlement negotiations and shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive efforts.

7.      Interim class counsel shall be responsible for coordinating all activities and appearances on behalf of all plaintiffs and for the dissemination of notices and orders of this Court.  No motion, request for discovery, or other pretrial or trial proceedings shall be limited or filed by plaintiffs except through interim class counsel.

8.      Defendants' counsel may rely upon agreements made with interim class counsel. Such agreements shall be binding on all parties.

**IT IS SO ORDERED.**

Dated: _____, 200___


_____
UNITED STATES DISTRICT JUDGE

**EXHIBIT 2**



### FIRM RESUME

The law firm of Shalov Stone Bonner & Rocco LLP represents clients in a wide variety of litigation, with an emphasis on class, derivative and other complex actions on behalf of investors and consumers. A majority of the firm's cases involve federal or state securities laws, consumer fraud statutes, product liability claims or corporate governance matters. The firm also actively prosecutes and defends claims on behalf of financial institutions and pension funds, including several banks in New York City and Long Island and the public pension funds of the State of New Jersey, and it represents parties in client/broker disputes, litigations involving discrimination claims, product liability matters and general commercial disputes. The firm maintains offices in New York City and Morristown, New Jersey.

In pursuing its clients' interests, Shalov Stone Bonner & Rocco LLP draws upon its members' experience at the nation's largest firm specializing in the representation of defrauded investors and consumers as well as their experience representing Fortune 500 companies at some of New York's elite defense firms. The firm is committed to achieving favorable results for its clients in the most expeditious and economical manner possible.

In October 2000, in approving a class action settlement achieved by Shalov Stone Bonner & Rocco LLP as Lead Counsel, Judge Cote of the Southern District of New York commented of the firm:

> I felt at every step of the case that you were extraordinarily competent, diligent, responsible, helpful to this court and appropriate in your conduct of this case, and I think the class was well served by your representation of them, very well served.[1]

Similarly, in approving the settlement of the *Cyberguard Securities Litigation* in April 2004, in which Shalov Stone Bonner & Rocco LLP was Co-Lead Counsel, United States Magistrate Judge Andrea M. Simonton in the Southern District of Florida commented:

> I think that the result was an outstanding result. ... [Q]uite frankly, I think that if you didn't have that caliber of counsel on the plaintiffs' side, there is no way that these shareholders would be looking at the recovery that they are and, in my experience, it is a substantial recovery.[2]

---

[1]   Transcript of hearing in *Varljen v. H.J. Meyers & Co., Inc.*, No. 97 Civ. 6742 (DLC) (October 27, 2000) at 30.

[2]   Transcript of hearing in *Cheney v. Cyberguard Corp.*, Case No. 98-6879 CIV-Gold (April 16, 2004) at 47.

Likewise, in approving a $20.5 million settlement achieved by the firm in *In re Dreyfus Aggressive Growth Mutual Fund Litigation*, Judge Baer of the Southern District of New York commented that he viewed the firm's work product to be of high quality, and found that "certainly, the class was ably represented and the ensuing settlement is commendable."[3] The *Dreyfus* settlement represented a recovery of approximately 98% of the losses suffered by the class in that case.

In 2002, the firm was appointed by the New Jersey Attorney General as special counsel to the State of New Jersey public pension funds, and, among other things, is now prosecuting claims on behalf of New Jersey's pension funds arising from their investment losses suffered on investments in Tyco International.

In recent years, the firm has been appointed Lead Counsel or Co-Lead Counsel for Plaintiffs in several significant federal securities class actions, including: *In re Lernout & Hauspie Speech Products NV Securities Litigation* (D. Mass.) (settlements totaling over $180 million); *In re Winstar Comm. Sec. Litig.* (S.D.N.Y.) (settlements totaling over $30 million); *In re TEAM Communications Securities Litigation* (C.D. Cal.) (settled for $12.5 million); *In re Recoton Securities Litigation* (M.D. Fla.); *In re Crayfish Inc. Securities Litigation* (S.D.N.Y.) (settled for $9 million); *In re Intershop Communications AG Securities Litigation* (N.D. Cal.) (settled for over $3 million); *In re Dreyfus Aggressive Growth Mutual Fund Litigation* (S.D.N.Y.) (settled for $20.5 million); *In re Baan Company Securities Litigation* (D.D.C.) (settled for $32 million); *Cheney v. Cyberguard Corp.* (S.D. Fla.) (settled for $10 million); *Cooper, et al. v. CPS Systems, Inc., et al.* (N.D. Tex.) (settled for $3.44 million); *In re Mitcham Industries Securities Litigation* (S.D. Tex.) (settled for $2.7 million); *Baker v. Health Management Systems, Inc., et al.* (E.D.N.Y.) (settled for $2.45 million); *Yuan v. Bayard Drilling Technologies, Inc., et al.* (W.D. Okla.) (settled for $3.1 million); *Varljen, et al. v. H.J. Meyers & Co., Inc., et al.* (S.D.N.Y.) (settled for more than $5 million).

The firm has also played a leading role and obtained substantial recoveries in a number of consumer class actions. The firm's major consumer class action recoveries include: *Baird, et al. v. Thomson Consumer Electronics, Inc.*, Case No. 00-L-000761 (Madison Cty., Ill.) (over $100 million settlement in cash and other benefits on behalf of persons who purchased certain RCA and GE television sets); *Fundock, et al. v. Matsushita Electric Corporation of America and JVC Americas Corp.*, Docket No. L-7552-00 (Middlesex Cty., N.J.) (settlement for cash and enhanced warranty benefits on behalf of persons who purchased certain Panasonic and JVC DVD players).

---

[3]    Order, *In re Dreyfus Aggressive Growth Mutual Fund Litigation*, No. 98 Civ. 4318, June 22, 2001, 2001 U.S. Dist. LEXIS 8418.

# PROFESSIONAL BIOGRAPHIES

The members and associates of Shalov Stone Bonner & Rocco LLP are Lee S. Shalov, Ralph M. Stone, James P. Bonner, Patrick L. Rocco, Thomas G. Ciarlone, Jr., and Amanda C. Scuder.

**Lee S. Shalov** is a graduate of Boston University and the John Marshall Law School. He is a member of the bars of the State of New York and the Southern and Eastern Districts of New York. He is also a member of the American Bar Association, the New York State Bar Association and the New York County Lawyers Association, where he is a member of the Class Action Committee.

Mr. Shalov has litigated numerous class action lawsuits that have generated substantial recoveries for investors, shareholders and consumers nationwide. Those litigations include: *In re Baan Company Sec. Litig.*, where Mr. Shalov played a leading role in a class action alleging claims under the federal securities fraud laws that resulted in a $32.5 million recovery for the class; *In re Dreyfus Aggressive Growth Mutual Fund Litig.*, where Mr. Shalov was one of the principal counsel in a securities class action that resulted in a $18.5 million settlement on behalf of investors in the Dreyfus Aggressive Growth Fund; and *Baird v. Thomson Consumer Electronics*, where Mr. Shalov was lead counsel in a class action that made available $100 million in cash and other benefits to purchasers of defective television sets. Mr. Shalov has been regularly cited in the press for his innovative efforts on behalf of aggrieved consumers and investors.

Mr. Shalov has also served as principal counsel in a number of cases in which he has secured favorable reported decisions for his clients in litigations involving significant issues related to the federal securities laws, state consumer protection laws and the obligations of corporate fiduciaries. Those reported decisions include: *In re Time Warner Inc. Securities Litigation*, 9 F.3d 259 (2d Cir. 1993), where the United States Court of Appeals for the Second Circuit reversed the trial court's dismissal of a complaint alleging claims under the federal securities laws; *Chrysogelos v. London*, C.A. No. 11910, 1992 Del. Ch. LEXIS 61 (Del. Ch. Mar. 25, 1992), where a complaint alleging derivative claims for breach of fiduciary duty was sustained by the Delaware Court of Chancery; and *Ghandour v. Shearson Lehman Hutton, Inc.*, 570 N.Y.S.2d 541 (1st Dep't 1991), where the New York Appellate Division reversed the lower court's dismissal of a complaint alleging claims for breach of fiduciary duty.

**Ralph M. Stone** is a graduate of Columbia College and the University of Texas School of Law. At the University of Texas School of Law, he served as Notes Editor of *The Review of Litigation*. During law school, Mr. Stone served as a Judicial Extern in the Chambers of the Honorable Consuelo B. Marshall, United States District Judge, Central District of California. Mr. Stone is admitted to practice in the State of New York, the United States District Courts for the Southern and Eastern Districts of New York and the United States Courts of Appeals for the Second, Sixth and Eleventh Circuits. Mr. Stone serves as an Arbitrator in the New York City Civil Court, Small Claims Part and sat on the Consumer Affairs Committee of the Association of the Bar of the City of New York. Mr. Stone was the Secretary of that committee in 1996-1997. He is also a member of the American Bar Association. Mr. Stone is also currently serving as a Court-appointed Receiver in an SEC insider trading disgorgement case pending in the U.S. District Court for the Southern District of New York.

From 1990 to 1992, Mr. Stone was associated with Mayer, Brown & Platt, where he was involved in a variety of commercial litigation. Mr. Stone was an associate at the law firm of Milberg Weiss from 1992 until August of 1997. At Milberg Weiss, Mr. Stone's practice focused primarily upon the representation of investors and consumers in litigation involving the federal securities laws, consumer fraud statutes and the fiduciary obligations of corporate officers and directors.

Some of the more significant litigations in which Mr. Stone has played a principal role include: *Varljen v. H.J. Meyers & Co.*, a market manipulation and securities fraud class action that resulted in recoveries for an investor class in excess of $5 million; *In re Banpais Securities Litigation*, a class action involving claims under the Securities Act of 1933 that resulted in a $9.25 million settlement; *In re Gitano Securities Litigation*, a securities fraud class action that settled for more than $15 million; *Andrews v. American Telephone & Telegraph Co.*, a consumer fraud class action that resulted in a $60 million partial settlement on behalf of consumers allegedly defrauded in connection with 900 number "sweepstakes" phone calls; and *In re Regeneron Securities Litigation*, a securities fraud class action that resulted in a settlement of $4 million.

Mr. Stone's reported decisions include: *Macomber v. Travelers Property & Casualty Corp.*, 261 Conn. 620, 804 A.2d 180 (Conn. 2002); *In re Baan Company Securities Litigation*, 81 F. Supp. 2d 75 (D.D.C. 2000); *Milman v. Box Hill Systems Corp.*, 72 F. Supp. 2d 220 (S.D.N.Y. 1999); *Varljen v. H.J. Meyers & Co.*, [1998 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 90,259 (S.D.N.Y. 1998); *Saddle Rock Partners, Ltd. v. Hiatt*, [1996-97 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 99,413 (W.D. Tenn. 1996); and *Sikes v. American Telephone & Telegraph Co.*, 841 F. Supp. 1572 (S.D. Ga. 1993).

**James P. Bonner** is a *cum laude* graduate of Harvard Law School and a *summa cum laude* graduate of Rutgers University. At Rutgers, Mr. Bonner was a member of the Phi Beta Kappa and Pi Sigma Alpha Honors Societies. He is a member of the bars of New York, New Jersey, and the District Courts for the Southern and Eastern Districts of New York and the District of New Jersey. Mr. Bonner is also a member of the Association of the Bar of the City of New York.

Mr. Bonner was an associate at the New York City law firm of Cahill Gordon & Reindel from 1992 to 1994 and was associated with the firm of Milberg Weiss from 1994 to 1997. His practice has included a wide variety of litigation matters involving the federal securities and antitrust laws, shareholder class and derivative actions, consumer class actions, insurance law and various other commercial matters.

The litigations in which Mr. Bonner has played a principal role include: *In re Dreyfus Aggressive Growth Mutual Fund Litigation*, a securities class action brought on behalf of investors in two Dreyfus mutual funds that resulted in one of the largest ever recoveries by mutual fund investors; *In re Coram Healthcare Securities Litigation*, a federal securities fraud class action that resulted in a recovery of over $49 million for the class, one of the largest recoveries ever achieved in the District of Colorado; *J/H Real Estate v. Abramson*, a securities fraud class action that resulted in a $22 million settlement on behalf of U.S. Healthcare investors, one of the largest settlements ever in a securities fraud class action prosecuted in the Eastern District of Pennsylvania; *In re Genentech Shareholders Litigation*, a class and derivative litigation that resulted in the ouster of the Chief Executive Officer of Genentech as well as improvements in a corporate transaction valued at $15 million from the perspective of Genentech shareholders; *Shaw v. Digital Equipment Corp.*, a securities fraud

class action in which the United States Court of Appeals for the First Circuit reversed the lower court's decision dismissing the plaintiffs' complaint, thereby strengthening the disclosure obligations imposed upon corporations and underwriters in the context of public offerings; and *Baird, et al. v. Thomson Consumer Electronics, Inc.*, a recently settled class action brought on behalf of purchasers of certain RCA and Proscan televisions in which consumers were provided with a 100% recovery for any repair costs that they incurred as a result of the problems addressed by the *Baird* action.

**Patrick L. Rocco** is a *cum laude* graduate of Rutgers Law School and received his undergraduate degree, *cum laude*, from Rutgers College. While in law school, Mr. Rocco was an Associate Articles Editor for the *Rutgers Law Review*. Mr. Rocco is admitted to practice in New York and New Jersey, as well as the United States Supreme Court and the United States District Courts for the Southern District of New York and the District of New Jersey. Following law school, Mr. Rocco served as Law Clerk to United States District Judge Dickinson R. Debevoise in the District of New Jersey. He then was an associate with the New York City law firm of Cahill Gordon & Reindel for five years, where his practice focused primarily upon federal securities law and commercial litigation.

From 1995 to 2001, Mr. Rocco served as an Assistant U.S. Attorney in the District of New Jersey, prosecuting and trying numerous cases, including securities fraud, bank fraud, mail fraud, insurance fraud and tax fraud cases. Mr. Rocco's outstanding achievements at the U.S. Attorney's office resulted in several awards and honors, including the U.S. Attorney's Special Achievement Award following the successful trial and conviction of six defendants in a cocaine, firearms and kidnaping conspiracy, and in which two of the defendants were sentenced to life without parole. That case also culminated

in a published opinion by the U.S. Supreme Court in *United States v. Jacinto Rodriguez-Moreno*, 526 U.S. 275 (1999), wherein the Supreme Court reversed the Court of Appeals and reinstated the only conviction to have been previously reversed in the case. In 1996, Mr. Rocco received a Letter of Commendation from the Director of the FBI for the successful trial and fraud conviction of a high-ranking official of the company that ran the New York and New Jersey state lotteries, resulting in a substantial prison term. In September 1998, Mr. Rocco was nominated by the U.S. Attorney for the District of New Jersey to be an instructor at the U.S. Department of Justice's Trial Advocacy Institute. In January 2001, Mr. Rocco received the U.S. Inspector General's Integrity Award for his outstanding achievements in the successful prosecution of healthcare fraud.

In 2001 and 2002, Mr. Rocco was associated with the law firm of Milberg Weiss, where he played a leading role in prosecuting various securities class action lawsuits. Since joining the firm, Mr. Rocco has handled several complex cases, including acting as co-lead counsel for the class plaintiffs in *In re: Lernout & Hauspie Speech Products N.V. Securities Litigation* pending in U.S. District Court for the District of Massachusetts, and counsel for several New Jersey Pension funds in *In re: Tyco Securities Litigation* pending in U.S. District Court in New Hampshire.

**Thomas G. Ciarlone, Jr.**, an Associate at the Firm, graduated from Cornell Law School in 2001, and received his B.A., *magna cum laude*, in politics and sociology from New York University in 1998. At Cornell Law School, Mr. Ciarlone was a member of the *Cornell International Law Journal*. He also assisted Professor James A. Henderson, Jr., co-reporter for the *Restatement (Third) of Torts: Products Liability*, with several articles that defended the Third Restatement's approach to design defect.

While at N.Y.U., he was elected to *Phi Beta Kappa* and *Alpha Kappa Delta*, and was named both a Founder's Day and a Dean's Circle Scholar.

From 2001 to 2003, Mr. Ciarlone was associated with Cummings & Lockwood in that firm's Trial Group.

Mr. Ciarlone has authored or contributed to articles that have appeared in a number of publications, including the *Connecticut Law Tribune* and the *Quinnipiac Health Law Journal*. His articles include *Medical Malpractice Cases In Connecticut: Infertile Grounds For Bystander Emotional Distress Claims*, which appeared in Volume VI of the *Quinnipiac Health Law Journal*, and he co-authored *Cybersmear May Be Coming to a Website Near You: A Primer for Corporate Victims*, which appeared in *Defense Counsel Journal* (January 2003).

Mr. Ciarlone is admitted to practice in the courts of New York, Connecticut and the District of Columbia. He is also admitted to the Bars of the U.S. District Courts for the Southern District of New York, the Eastern District of New York and the District of Connecticut. He is a member of the American Bar Association, New York State Bar Association, Connecticut Bar Association, and New York County Lawyers' Association.

**Amanda C. Scuder**, an Associate at the firm, received her J.D. from American University, Washington College of Law in 2002, and received her B.A. from Smith College in 1997. Ms. Scuder was a member of American Univeristy's *Journal of Gender, Social Policy & the Law*, which published her Comment, *The Inapplicability of Parental Consent Laws to the Distribution of Mifepristone (RU-486) to Minors*. From 2002 to 2004, Ms. Scuder was an associate at Morelli Ratner PC, where she helped establish and chaired the VIOXX division of that firm's pharmaceutical litigation

department. Ms. Scuder is admitted to practice in New York. She is also admitted to the Bars of the U.S. District Courts for the Southern District of New York and the Eastern District of New York. She is a member of the New York County Lawyers' Association.

**Susan M. Davies** is a litigator with more than seventeen years of experience representing plaintiffs and defendants in complex litigation and commercial cases in New York State and federal trial and appellate courts. She also has represented corporations and individuals in connection with investigations and enforcement actions by the U.S. Securities and Exchange Commission, and in connection with investigations by the United States Attorney's Office for the Southern District of New York and the New York State Office of the Attorney General.

Prior to becoming Of Counsel to Shalov Stone Bonner & Rocco LLP in December 2007, Ms. Davies was a partner at the Gregory P. Joseph Law Offices LLC, and an associate in the litigation departments at Fried, Frank, Harris, Shriver & Jacobson LLP and Sidley Austin LLP. Ms. Davies received her LL.M. from Columbia University School of Law in 1990. At Columbia, she held a Fulbright Scholarship and taught legal research and writing as part of the Law School's Associates-in-Law program. Ms. Davies obtained her LL.B. with First Class Honors from the Australian National University in 1986, where she was awarded the University Medal. From 1984-1986, Ms. Davies served as the Notes Editor of the Australian National University's Federal Law Review.

Ms. Davies is an active member of the legal community. By appointment of the Chief Judge and the Chief Administrative Judge of New York State, Ms. Davies has served as a member of the New York State Office of Court Administration's Advisory Committee on Civil

Practice to the Chief Administrative Judge since 2002. She is currently the Treasurer of the Commercial and Federal Litigation Section of the New York State Bar Association, and has been an active member of the Section's Executive Committee since 2004. Ms. Davies served as the Section's Secretary during 2006-2007, and co-chaired the Section's Committee on New York Civil Practice Law and Rules from 2004-2006. Ms. Davies previously served on committees of the Association of the Bar of the City of New York (1995-1998) and the New York Women's Bar Association (1992-1993).

Ms. Davies's publications include: *Report of the Commercial and Federal Litigation Section on a Proposal for Revision of CPLR Article 65*, Vol. 7, No. 2, NY Litigator (Winter 2001) (co-authored with James N. Blair); *Evidence of Character To Prove Conduct: A Reassessment of Relevancy*, 27 Criminal Law Bulletin 504 (November-December 1991); *Should Hate Speech Be Prohibited In Law Schools?*, 20 Southwestern University Law Review 145 (1991) (co-authored with Prof. Mark Cammack). The article in the Criminal Law Bulletin has been cited by Judge Weinstein in the Eastern District of New York, recognized in the Columbia Law Review as "a watershed survey" and cited by other law review authors as an influential contribution to the law of evidence.

Ms. Davies is admitted to practice law in New York, in the United States Courts of Appeals for the Second and Eleventh Circuits, and in the United States District Courts for the Southern and Eastern Districts of New York. She is also admitted to practice law in Australia, where she is admitted to the rolls of barristers of the High Court of Australia, solicitors of the Supreme Court of New South Wales, and legal practitioners of the Supreme Court of the Australian Capital Territory.